ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

LUIS H. CANO,
    Petitioner,

v.

Case No. 2:17-CV-0441-JMS
28 U.S.C. §2241(a)(c)(3)
28 U.S.C. §2243

WARDEN, USP - TERRE HAUTE,
    Respondent.

---

MOTION FOR A "JUDGMENT ON THE PLEADINGS"

F.R.CIV.P. 12(c) AND "SUMMARY JUDGEMENT" F.R.CIV.P. 56(a)

FOR PETITIONER CANO'S IMMEDIATE RELEASE

AS "TIME SERVED"

---

NOW COMES, Pro-se Petitioner Cano requesting his immediate release to bail and/or "Supervised Release."

Petitioner Cano has served well over the Twenty (20) years maximum sentence allowed, based upon the following facts:

See: Exhibits filed.

Petitioner Cano is only addressing Counts One (1) ~~through~~ Thirteen (13) (See: Exhibit One attached to Writ), as all other sentences are already completed.

    Notice: All of the following claims should have been presented by Retained Counsels at Trial, Sentencing, Direct Appeal and Petitioner Cano's only §2255... "Cause and Prejudice" meet.

(1)

## "DISCUSSION"

1.) <u>Convictions</u>

Cano's case is a procedural tangle that does not lend itself to easy resolution. In Cano's underlying criminal case, Petitioner was convicted of conspiracy to distribute and possession with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. §846 (Count 2) distribution of cocaine, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C) (Counts 3-13), engaging in a Continuing Criminal Enterprise (CCE) in violation of 21 U.S.C. §848 (Count 1).

Cano contends that the District Court erred in convicting and sentencing him for both drug conspiracy (Count 2) and operating a Continuing Criminal Enterprise (CCE) (Count 1) because, as the Supreme Court held in <u>Rutledge v. United States</u>, <u>517 U.S. 292</u>, <u>116 S. Ct. 1241</u>, <u>134 L. Ed.2d 419</u> (<u>1996</u>), drug conspiracy is a lesser included offense of CCE. Moreover, Cano claims that his CCE conviction should be vacated because the Court's charge on the CCE offense failed to instruct the jury that it must unanimously decide which violations constituted the "continuing series of violations" underlying the charge, as required by the Supreme Court's decision in <u>Richardson v. United States</u>, <u>526 U.S. 813</u>, <u>119 S. Ct. 1707</u>, <u>143 L.Ed.2d 985</u> (<u>1999</u>).

<u>See</u>: Jury Instructions (Exhibit Two) filed with Writ.

(2)

Cano has moved for his immediate release from custody, arguing that under <u>Alleyne v. United States</u>, <u>133 S. Ct. 2151, 186 L.Ed.2d 314</u> (<u>2013</u>), he "could not be subject to any mandatory minimums without being retried"; that, accordingly, the Court would be required to sentence him "within the framework of 21 U.S.C. §841(b)(1)(C) or §841(c)," which have no specified drug-quantity thresholds and no mandatory minimums; and that any within-Guidelines sentence grounded in convictions under those provisions would fall short of the custodial time Cano has effectively served. Petitioner's Motion For Release From Custody, the 20 year maximum allowed.

## Cano's Richardson and Rutledge Claims

As previously noted, Cano contends that the District Court erred by failing to give the jury a unanimity instruction on Cano's CCE charge, and that he was wrongly convicted of both conspiracy and CCE because conspiracy is a lesser included offense of CCE.

The Government should concede that both of Cano's convictions for conspiracy and CCE cannot stand. <u>See</u>: <u>Rutledge</u>, <u>517 U.S.</u> at <u>303</u> [<u>589 Fed. Appx. 67</u>] (holding that convicting a defendant for both drug conspiracy in violation of 21 U.S.C. §846 and CCE in violation of 21 U.S.C. §848 is double jeopardy because §846 is a lesser included offense of §848). The Government should also concede that the District Court erred by failing to give the jury a unanimity instruction as to Cano's CCE charge. <u>See</u>: <u>Richardson</u>, <u>526 U.S.</u> at <u>818</u> (holding that, in order to convict someone of

engaging in a CCE, the jury must be unanimous as to which specific violations of federal drug laws comprise the "continuing series of violations" underlying the CCE charge).

When Cano prevails on his Richardson claim, the remedy would be to vacacte Cano's CCE conviction; if he prevails on his Rutledge claim, the remedy would be to vacate either his conspiracy conviction or his CCE conviction. For this reason, and because Cano will serve more than the maximum 20 years regardless of this Court's resolution of these issues, the Government should put forth a proposal to suggest that the Court simply dismiss the CCE conviction (Count 1), as doing so will remedy both the Richardson and Rutledge problems with Cano's convictions.

Cano asserts that this proposal serves the interests of judicial economy and efficiency. The Court should agree. Accord United States v. Richardson, 195 F.3d 316, 317 (7th Cir. 1999) (accepting a similar Government proposal in similar circumstances).

Counts 2-13 21 U.S.C. §841(a)(1) "A Detectable Amount" only

A procedural wrinkle still remains: If the Government requests that the Court sentence Cano based on the lesser-included offense, should the Court leave in place Cano's §846 conspiracy conviction and resentence him under the lesser penalty provision, as time served.

Cano's sentence is complete in light of case law indicating that §841 is "a tripartite statute that establishes three crimes with three different statutorty sentence maxima depending on the

(4)

drug quantity categories of §841(b)." United States v. Ginyard, 511 F.3d 203, 209, 379 U.S. App. D.C. 174 (D.C. Cir. 2008) (citing United States v. Webb, 255 F.3d 890, 895, 347 U.S. App. D.C. 162 (D.C. Cir. 2011)).

CITE: United States v. Cotton, 152 L.Ed.2d 860 (2002)

Chief Justice Rehnquist delivered the opinion of the Court.

Congress established "a term of imprisonment of not more that 20 years" for drug offenses involving a detectable quantity of cocaine or cocaine base. §841(b)(1)(C). But the District Court did not sentence respondents under this provision. Consistent with the practice in federal Courts at the time, at sentencing the District Court made a finding of drug quantity that implicated the enhanced penalties of §841(b)(1)(A).

21 U.S.C. §841(a) makes it "unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. §841(b)(1)(C) provides that "[i]n the case of a [schedule I or II controlled substance], ... [a] person [violating §841(a)] shall be sentenced to a term of imprisonment of not more than 20 years."

See 21 U.S.C. §841(b)(1)(C), (E); United States v. Brough, 243 F.3d 1078, 1080 (7th Cir. 2001)("20 years is the maximum under §841(a)(1)(C) for unlawfully distributing any detectable quantity of any Scheduale I or II controlled substance")(emphasis added); United States v. Duvall, 272 F.3d 825, 830 (7th Cir. 2001).

The Court should consider two potential remedies: sentencing Cano based on the lesser-included penalty provision of 21 U.S.C. §841(b)(1)(C), for a conspiracy involving "A detectable amount" of cocaine or vacating Cano's convictions 21 U.S.C. §841(a)(1). These circumstances are nearly identical to those faced by the Fourth Circuit in a pair of cases Cano cites. Like Cano, the defendant in <u>United States v. Collins</u>, <u>415 F.3d 304</u>, <u>314</u> (<u>4th Cir. 2005</u>), has been convicted of one count of conspiracy, 21 U.S.C. §846, to distribute a controlled substance, 21 U.S.C. §841(a)(1), under 21 U.S.C. §841(b)'s highest penalty provision, §841(b)(1)(A), which for Collins was based on an attribution of 50 grams or more of crack cocaine. <u>Collins</u>, <u>415 F.3d at 311-12</u>. The Fourth Circuit found that the District Court had <u>erroneously instructed</u> the jury as to the drug quantity attributable to the defendant, and that accordingly, there was error with respect to the <u>§841(b) penalty provision</u>. Id. at 314. At the same time, the Court noted that the defendant's "conviction under §841 was sound," as was the underlying substantive narcotics distribution provision, §841(a). Id. Recognizing that permitting the District Court itself to determine the <u>drug quantity</u> for the purposes of §841(b) would <u>run afoul of the Sixth Amendment</u>, the Court presented the Government with a choice. It could (1) "request that [the Court] affirm the conspiracy conviction and remand for [the defendant] to be <u>resentenced under the default penalty provision</u> in §841 ... 21 U.S.C. §841(b)(1)(C)."

Here, too, the Court should find that offering the Government a choice between acquital or a sentence based on 21 U.S.C. §841(b)(1)(C)'s penalty provision, is the best means of balancing the relevant equities. Both alternatives would "neutalize the taint of [the] Constitutional violation." and neither would "grant a windfall to the defendant." <u>Lafler v. Cooper</u>, <u>566 U.S. 156</u>, <u>170</u>, <u>132 S. Ct. 1376</u>, <u>182 L.Ed.2d 398</u> <u>(2012)</u> (citations and quotation marks omitted). However, the Government is in the best position to determine whether accepting the enterance of a lesser-included conviction and sentence, as "<u>Time Served</u>" would "needlessly squander the considerable resources [necessarily] invested in [a] criminal prosecution."

Thus, the remedy for the failure to prove that Mr. Cano conspired to possess a particular quantity of cocaine base "would not be to grant him a judgment of acquital or a new trial, but rather [a] re-sentencing subject to the default statutory maximum term. <u>United States v. Kelly</u>, <u>519 F.3d 355</u>, <u>362</u> <u>(7th Cir. 2008)</u>; See Also <u>United States v. Haynes</u>, <u>582 F.3d 686</u>, <u>705-706</u> <u>(7th Cir. 2009)</u> (If the evidence failed to establish that [the defendant] possessed a detectable amount of cocaine, and the District Court sentenced him above the default twenty-year maximum applicable to any amount of cocaine. <u>See</u> 21 U.S.C. §841(b)(1)(C), his remedy would not be a new trial but a ... re-sentencing subject to the default statutory maximum term."), to time served.

Notice: <u>See</u>" "Exhibit One" Indictments filed with Writ
"Exhibit Two" Jury Instructions

Second, a misapplication of the law raised a statutory minimum either from zero to twenty years, or from zero to life, would constitute a "miscarriage of justice" sufficient to warrant relief via habeas corpus. See Narvaez, 674 F.3d at 623. Citing Kramer v. Olson, 347 F.3d 214, 218 (7th Cir. 2003).

Cano's challenge to his sentence is that, because the jury did not determine drug quantity, he may not lawfully be sentenced to a term grater than that authorized for the (C) offense -- the only one of the three §841(b) offenses for which drug quantity is not an element. See 21 U.S.C. §841(b)(1)(C); United States v. Allen, 295 U.S. App. D.C. 128, 960 F.2d 1055, 1058 (D.C. Cir. 1992) (holding that §841(b)(1)(C) is satisfied if the defendant's violation involves "any detectable amount" of cocaine base.) Further contending that the maximum sentence under the (C) offense is 20 years imprisonment, now "Time Served."

## "In Conclusion"

WHEREFORE, will this Court hereby order Cano's immediate release as presented to prevent a Miscarriage of Justice?

Prison Mailbox Rule
3/12/2018

Respectfully Submitted,
*Luis M Cano*
Luis Cano
# 15319-004
USP - Terre Haute
P.O. Box 33
Terre Haute, Indiana 47808

## "Certificate of Mailing"

To be completed Electronically by the Clerk of Court.