UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LUIS CANO, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:17-cv-00441-JMS-MJD |
| WARDEN USP - Terre Haute, | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

Luis Cano, an inmate at Terre Haute U.S. Penitentiary, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). For the reasons explained in this Entry, his petition for writ of habeas corpus is **denied.**

### I.  Background

Mr. Cano contests the accuracy of the respondent's rendition of the facts in his return to the order to show cause and has moved to strike pages 1-4 of the return. Because the facts disputed by Mr. Cano do not affect the Court's analysis of the claims in his petition, his motion to strike pages 1-4 of the return, dkt. [21], is **denied as moot**. Consistent with this decision, the Court will not recount the underlying facts of the case in this Entry.

In September 1998, following a three month jury trial in the Southern District of Florida, Mr. Cano was convicted of 69 counts related to a nationwide cocaine and marijuana trafficking and money laundering network. The district court sentenced Mr. Cano to one mandatory life sentence, 12 concurrent life sentences, and 56 concurrent sentences of 240 months' imprisonment.

With the assistance of counsel, Mr. Cano appealed. Among other things, he argued that he was entitled to a new trial or resentencing based on the Supreme Court's ruling in *Apprendi v. New*

*Jersey*, 530 U.S. 466 (2000). *United States v. Cano*, 289 F.3d 1354, 1357 n. 4 (11th Cir. 2002). The Eleventh Circuit rejected Mr. Cano's *Apprendi* claim without discussion. *Id*. However, it did order the district court to vacate and dismiss one count of possession with intent to distribute marijuana, but otherwise it affirmed Mr. Cano's convictions and sentences on the other 68 counts. The dismissal of Count 13 had no practical effect on Mr. Cano's sentence, it merely removed one of the life sentences ordered to run concurrently.

In November 2004, Mr. Cano, with retained counsel, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Among other things, he renewed his argument that he was entitled to a new trial based on *Apprendi*. *Cano v. United States*, No. 1:04-cv-22767-JAL, 2008 WL 4755676, at *1 (S.D. F.L. Oct. 27, 2008). Recognizing that the Eleventh Circuit had summarily dismissed the *Apprendi* claim, and noting that *Apprendi* was not retroactive on collateral review, the district court denied the § 2255 motion after also finding that his remaining claims had no merit. *Id.*

In July 2009, Mr. Cano filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the Middle District of Florida. He argued for collateral relief on two grounds attacking the jurisdiction of the district court over his criminal prosecution. The Middle District dismissed the petition because Mr. Cano previously had been denied § 2255 relief and § 2255's saving clause did not apply. The Eleventh Circuit affirmed the district court's dismissal of the petition. *Cano v. Warden, FCC Coleman- USP I*, 358 F. App'x 107 (11th Cir.2009).

Now, in this § 2241 petition, Mr. Cano alleges that:

1) under *Rosemond v. United States*, 134 S. Ct. 1240 (2014), he is factually innocent of his convictions for aiding and abetting;

2) under *United States v. Santos*, 553 U.S. 507 (2008), his money laundering convictions and sentences are invalid;

2

3) under *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 543 U.S. 220 (2005), his mandatory life sentences are unconstitutional;

4) under *Glover v. United States*, 531 U.S. 198 (2001), his attorneys were ineffective for failing to address Amendments 505 and 506 of the Sentencing Guidelines;

5) his sentences were imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the superseding indictment only identified a "detectable amount of cocaine";

6) his "conviction of being the principal administrator of a continuing criminal enterprise . . . was obtained in violation of *Richardson v. United States*, 526 U.S. 813 (1999)"; and,

7) under *Rutledge v. United States*, 517 U.S. 292 (1996), his "separate convictions and punishments for violations of sections 846 and 848 violate[] the Double Jeopardy Clause."

Dkt. 1. Mr. Cano also alleges that the representation provided by his various attorneys was ineffective because they failed to raise these issues earlier. Dkt. 1. He has also moved to be released on bond pending this Court's decision. Dkt. 5. The respondent filed a return to the order to show cause and Mr. Cano's motion for release on March 1, 2018. In response, Mr. Cano filed several motions including a motion for summary judgment and motion for judgment on the pleadings. Dkts. 19 & 20. The action is now ripe for review.

## II.  Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can collaterally challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). However, § 2255(e) provides that if § 2255 is "inadequate or ineffective to test the legality of his detention," a prisoner may file an application for a writ of habeas corpus under 28 U.S.C. § 2241. This is known as the "savings clause of § 2255 and it ... will permit a federal prisoner to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his

conviction or sentence because the law changed after his first 2255 motion." *Prevatte v. Merlak*, 865 F.3d 894, 897 (7th Cir. 2017) (internal quotations omitted); *see also Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)(quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

The Court of Appeals for the Seventh Circuit has identified three requirements to invoke the Savings Clause:

> In the wake of *Davenport*, we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Davenport,* 147 F.3d at 611 (referencing the procedure as one to correct "a fundamental defect" in the conviction or sentence).

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017).

4

If the Court finds that any of Mr. Cano's claims satisfy the *Davenport* test, the next question is what circuit law to apply to the claim. The "Court of Appeals for the Seventh Circuit has not decided 'which circuit's law applies to a 2241 petition brought in the district of the petitioner's incarceration but challenging the conviction or sentencing determination of another district court in another circuit.'" *Roberts v. Watson*, 2017 U.S. Dist. LEXIS 203930, *4 (W.D. Wis. Dec. 12, 2017) (citing *Salazar v. Sherrod*, No. 09-cv-619-DRH-DGW, 2012 U.S. Dist. LEXIS 123903, *12-13 (S.D. Ill. Aug. 31, 2012)). Two district courts in the Seventh Circuit have concluded that they "should apply the law of the circuit of conviction in reviewing a sentence or conviction under section 2241, in part to avoid inconsistent results with motions under § 2255, which apply the law of the circuit where the petitioner was convicted." *Id*. This Court shall also apply the law of the circuit of conviction, the Eleventh Circuit in this case, when reviewing any of Mr. Cano's claims that satisfy the *Davenport* test.

### A. Potential Claim of Ineffective Assistance of § 2255 Counsel to Overcome Failure to Raise Claims Available at the Time of Mr. Cano's § 2255 Petition

Four of the cases Mr. Cano seeks to rely upon for relief were decided before he filed his first § 2255 motion in November 2004: *Rutledge* (1996), *Richardson* (1999), *Apprendi* (2000), and *Glover* (2001). He could have raised these grounds in his first § 2255 and, therefore, cannot meet the *Davenport* test for these grounds. Mr. Cano attempts to resurrect these grounds, however, by arguing that his retained counsel was ineffective when he failed to raise these grounds in Mr. Cano's first § 2255 motion.

Because there is no Sixth Amendment right to counsel in proceedings that attack a conviction or sentence collaterally, such as Mr. Cano's § 2255 motion, he cannot directly challenge the effectiveness of his § 2255 motion counsel. *See Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009). But courts have allowed state prisoners to overcome procedural default of

5

ineffectiveness of trial counsel claims if the prisoner can show that his post-conviction counsel was ineffective for failing to raise those ineffectiveness of trial counsel claims in a prior collateral proceeding. *Martinez v. Ryan*, 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. ____, 133 S.Ct. 1911 (2013); *Brown v. Brown*, 847 F.3d 502, 509 (7th Cir. 2017). The Supreme Court recently limited the availability of this argument to alleged instances of trial counsel ineffectiveness. *Davila v. Davis*, 582 U.S. ____, 137 S.Ct. 2058 (2017) (refusing to extend *Martinez-Trevino* exception to defaulted claims of ineffective assistance of appellate counsel).

Arguably, the Seventh Circuit extended this avenue to a federal prisoner bringing a motion to vacate under § 2255 in *Ramirez v. U.S.*, 799 F. 3d 845 (7th Cir. 2015). In *Ramirez*, a federal inmate filed a 60(b) motion for relief from judgment because his counsel had abandoned him without telling him that his § 2255 motion had been denied, without filing a notice of appeal, and without raising a potentially viable claim of trial counsel ineffective assistance of trial counsel. The Seventh Circuit granted the 60(b) motion after applying *Martinez* and *Trevino* to Mr. Ramirez's circumstances. It is not clear whether the Seventh Circuit intended that someone in Mr. Cano's shoes—where his § 2255 counsel did not abandon him—could proceed with a petition for relief under § 2241 based on the *Martinez-Trevino* exception to defaulted claims of ineffective assistance of trial counsel. It is clear that Mr. Cano cannot bring his trial counsel ineffectiveness claim in a successive § 2255 motion. The rule allowing successive § 2255 motions limits such motions to cases in which new evidence has been found or when a constitutional Supreme Court case has been made retroactive. 28 U.S.C. § 2255(h).

Of the four cases decided before Mr. Cano's § 2255 motion, three of them were decided after Mr. Cano had been tried and convicted. Because they had not yet been decided at the time of his trial, trial counsel could not have relied upon them and therefore, could not be found ineffective

for failing to rely upon them. As discussed above, ineffectiveness of appellate counsel is not available in these circumstances. *Davila*, 582 U.S. ____ , 137 S.Ct. 2058 (2017). Mr. Cano cannot overcome the procedural default of claims related to *Richardson* (1999), *Apprendi* (2000),[1] and *Glover* (2001).

This leaves Mr. Cano's claim that his § 2255 counsel was ineffective for failing to argue that his trial counsel was ineffective for failing to challenge his convictions for both conspiracy and continuing criminal enterprise (CCE) as violating the prohibition against double jeopardy under *Rutledge v. United States*, 517 U.S. 292 (1996). In *Rutledge*, the Supreme Court held that concurrent life sentences for both participating in a conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and conducting a CCE in violation of § 848 constituted improper double punishment for the same activity. Mr. Cano is serving concurrent life sentences under § 846 and § 848, as well as ten life sentences for possession with intent to distribute cocaine. The respondent concedes that one of Mr. Cano's life sentences may be invalid under *Rutledge*.

This brings the Court back to the question of the proper procedure for raising such a claim. This claim, on its face, cannot meet the *Davenport* test because he could have argued it before he was tried, convicted and sentenced, and he could have raised it in his § 2255 motion. Assuming, without deciding, that a § 2241 petition is the correct procedural avenue, in order to overcome the problem of having failed to raise this ground in his § 2255 motion, Mr. Cano would need to show that his § 2255 counsel was ineffective by showing that counsel both performed deficiently and that his deficient performance prejudiced Mr. Cano.

---

[1] Furthermore, Mr. Cano raised *Apprendi* in both his direct appeal and his first § 2255. He cannot meet the *Davenport* test as to this ground for relief because he cannot show that § 2255 was ineffective. *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (*en banc*) (petitioner is required to show "something more than a lack of success with a section 2255 motion").

Assuming it was deficient performance to fail to raise *Rutledge* as a ground for relief in his § 2255 motion, Mr. Cano cannot show that this presumed deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). If successful, the argument would have invalidated one of Mr. Cano's numerous life sentences. It would have had no actual effect on the amount of time Mr. Cano will be incarcerated. For the same reason, he would not be able to satisfy the third factor of the *Davenport* test.

### B. *Blakely* and *Booker*

Mr. Cano claims that his mandatory life sentences are unconstitutional under *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 543 U.S. 220 (2005), two Supreme Court decisions rendered after his conviction and sentencing. But neither case was made retroactive by the Supreme Court. *Ilori v. United States*, 198 F. App'x 543, 544 (7th Cir. 2006). Thus, Mr. Cano cannot satisfy the second factor of the *Davenport* test for this claim.

### C. *Santos*

Mr. Cano claims that his money laundering convictions are invalid under *United States v. Santos*, 553 U.S. 507 (2008). The Eleventh Circuit has held that *Santos* is a retroactive statutory interpretation case. *King v. Keller*, 372 F. App'x 70, 73 (11th Cir. 2010). But the Eleventh Circuit has also limited *Santos*'s application to illegal gambling operations. *United States v. Demarest*, 570 F.3d 1232, 1242 (11th Cir. 2009). Therefore, even if Mr. Cano could meet the *Davenport* test for this claim, it would fail because the circuit in which he was convicted has held that *Santos* does not apply to drug convictions like Mr. Cano's.

### D. *Rosemond*

*Rosemond v. United States*, 134 S. Ct. 1240 (2014), addressed the requirements for criminal lability under § 924(c). The Seventh Circuit has held that *Rosemond* is a substantive case and is

8

applicable retroactively to cases on collateral review. *Montana v. Cross,* 829 F.3d 775, 783-84 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017). But *Rosemond* does not apply to Mr. Cano because he was not convicted of any § 924(c) offense. *Nix v. Daniels*, No. 16-2605, 2016 WL 9406711, at *1 (7th Cir. Nov. 23, 2016).

### III. Conclusion

Based on the foregoing, Mr. Cano has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. None of the grounds he advances satisfy the *Davenport* test. His petition for a writ of habeas corpus is therefore **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, No. 15-2378, 2017 WL 3262282, at *6 (7th Cir. Aug. 1, 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)."). Judgment consistent with this Entry shall now issue.

Because the Court has found that his petition lacks merit, his motion for release on bond pending review, dkt. [5], is **denied as moot**. Similarly, his motion for summary judgment, dkt. [19], Motion for judgment on the pleadings, dkt. [20], and motion for judicial notice, dkt. [22], are **denied as moot**.

### IV. Summary

In this Entry, the Court has denied the plaintiff's petition for writ of habeas corpus, directed the entry of final judgment, and denied the plaintiff's motions at dkts. [5, 19-22].

**IT IS SO ORDERED.**

Date: 7/11/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LUIS CANO
15319-004
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
breitz@usa.doj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov